# WASHINGTON COUNTY.

---

### STATE *vs.* BENJAMIN WILSON.

In Pub. Stat. R. I. cap. 80, § 3, " It shall not be necessary to prove an actual sale of intoxicating liquors in any building, place, or tenement, in order to establish the character of such premises as a common nuisance, but the notorious *character* of any such premises . . . shall be evidence that such premises are nuisances within the meaning of . . . this chapter," the word "character" in italics is used as a synonym for "reputation."

Thus construed, the section is constitutional, as it allows reputation to be given in evidence, leaving the jury free to acquit or convict upon the whole evidence.

*State* v. *Kartz*, 13 R. I. 528, *State* v. *Beswick*, 13 R. I. 211, distinguished.

EXCEPTIONS to the Court of Common Pleas.

*Providence, November* 9, 1885. DURFEE, C. J. This is an in-

dictment under Pub. Stat. R. I. cap. 80, §§ 1, 2, for nuisance in keeping a grog-shop, etc., in North Kingstown. The case comes up from the Court of Common Pleas by bill of exceptions, which sets forth that upon the trial five witnesses for the State, against the defendant's objection, "testified of and concerning the repu-tation of said defendant's premises, and the speech of the people concerning said premises, as a place where intoxicating liquors were sold and kept for sale." The testimony was admitted under cap. 80, § 3, which provides that "it shall not be necessary to prove an actual sale of intoxicating liquors in any building, place, or tenement, in order to establish the character of such premises as a common nuisance, but the notorious character of any such prem-ises shall be evidence . . . that such premises are nuisances." . . . The defendant contends that the witnesses ought not to have been permitted to testify, because their testimony was not as to the "notorious character," but as to the reputation, of the premises complained of. Doubtless there is a distinction, observed by careful writers, between character and reputation; "character," where the distinction is observed, signifying the reality, and "rep-utation" merely what is reported, or understood from report, to be the reality about a person or thing. The word "character," however, is often used as synonymous with, and in the sense of, "reputation." We think it is clearly so used in § 3. The word is used twice in § 3, first in its more proper sense, and secondly as synonymous with "reputation." To hold that the word has the same sense in both instances would be to hold that the General Assembly has enacted the self-evident proposition that "the no-torious character of the premises" shall be evidence of their character. To interpret the word as used in § 3 the second time, as synonymous with "reputation," does not render § 3 unconstitu-tional within either *State* v. *Kartz*, 13 R. I. 528, or *State* v. *Bes-wick*, 13 R. I. 211. The fault of the provision condemned in *State* v. *Kartz* was, that it made mere reputation criminal, and so exposed a man to punishment as a criminal for what other people said about him. The fault of the provision condemned in *State* v. *Beswick* was, that it made reputation *primâ facie* evidence, and thus made it the duty of the jury to convict on such evidence, if unrebutted, whether satisfied by it of the guilt of the accused or

not. Section 3, as we interpret it, simply makes the reputation of a place evidence of its character, but it leaves the jury free to find the accused guilty or not, according as they are satisfied of his guilt or not by the evidence. We see no reason to think that such an enactment is unconstitutional.

*Exceptions overruled.*

*Samuel P. Colt,* Attorney-General, for plaintiff.

*Elisha C. Clarke,* for defendant.